UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| KAREN D. BLOUNT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:05CV211SNL |
| ) | |
| JOHN E. POTTER, Postmaster General, ) | |
| United States Postal Service ) | |
| ) | |
| Defendant. ) | |

## ORDER

This matter is before the Court on Plaintiff Karen D. Blount's Motion for Appointment of Counsel (#3). Plaintiff brings this action against her employer Defendant John E. Potter, Postmaster General of the United States Postal Service, *pro se* under Title VII of the Civil Rights Act of 1964, as amended, alleging employment discrimination on the basis of her race, sex, and disabilities. In her Complaint, she states that the post office discriminated against her, retaliated against her, and failed to make reasonable accommodations for her because of her disabilities.

The appointment of counsel for an indigent *pro se* plaintiff lies within the discretion of the Court. Indigent civil litigants do not have a constitutional or statutory right to appointed counsel. Stevens v. Redwing, et. al., 146 F.3d. 538, 546 (8th Cir. 1998); Edgington v. Mo. Dep't of Corrections, 52 F.3d. 777, 780 (8th Cir. 1995); Rayes v. Johnson, 969 F.2d. 700, 702 (8th Cir. 1992). Once the plaintiff alleges a *prima facie* claim, thereby surviving a frivolity review pursuant to 28 U.S.C. §1915(d), the Court must determine the plaintiff's need for counsel to effectively litigate his claim. Edgington, 52 F.3d at 780; Natchigall v. Class, 48 F.3d. 1076, 1081-82 (8th Cir. 1995); In re Lane, 801 F.2d. 1040, 1043 (8th Cir. 1986). The standard for appointment of counsel in a civil case involves the weighing of several factors which include the

factual complexity of a matter, the complexity of legal issues, the existence of conflicting testimony, the ability of the indigent to investigate the facts, and the ability of the indigent to present his claim. McCall v. Benson, 114 F.3d. 754 (8th Cir. 1997); Stevens, *supra,;* Edgington, *supra.*; Natchigall, 48 F.3d at 1080-81; Johnson v. Williams, 788 F.2d. 1319, 1322-1323 (8th Cir. 1986). In this matter, the Court finds that appointment of counsel is not necessary. The action appears to involve straightforward questions of fact rather than complex questions of law, and Plaintiff appears able to clearly present and investigate her claim.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff Karen D. Blount's Motion for Appointment of Counsel (#3) be and hereby is **DENIED** without prejudice at this time.

Dated this 16th day of May, 2005.

_____
SENIOR UNITED STATES DISTRICT JUDGE